Robert W. Norman, Jr. (SBN 37094)     THE HONORABLE BENJAMIN H. SETTLE
Emilie K. Edling (SBN 45042)
Houser LLP
600 University St., Suite 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re | USDC Number:  3:21-cv-05154-BHS |
| SARAH HOOVER, | Case No.: 19-42890-MJH |
| Debtor. | Internal Appeal Number: 21−T003 |
| | Adversary No.: 20-04002-MJH |
| SARAH HOOVER, | **DECLARATION OF EMILIE K. EDLING IN SUPPORT OF DEFENDANT-APPELLANTS' NOTICE TO WITHDRAW PENDING MOTION** |
| Plaintiff, | |
| vs. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES | |
| Defendants. | |

DECLARATION OF EMILIE K. EDLING IN SUPPORT OF
DEFENDANT-APPELLANTS' NOTICE TO WITHDRAW PENDING
MOTION
USDC No. 3:21-cv-05154-BHS
Page 1

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

1  **DECLARATION OF EMILIE K. EDLING**

2      I, Emilie K. Edling, do hereby declare:

3      1.    I am more than 18 years of age, am competent to make this declaration, and

4  have personal knowledge of the facts set forth in this declaration.

5      2.    I am an attorney of record for Appellants PHH Mortgage Corporation D/B/A

6  PHH Mortgage Services, HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage

7  Investment Trust, Series 2006-2, and NewRez, LLC (collectively, the "Appellants").

8      3.    Attached hereto as **Exhibit 1** is a true and correct copy of excerpts from

9  Defendants' Notice of Motion and Motion to Stay Proceedings Pending Appeal;

10  Memorandum of Points and Authorities in Support Thereof (Doc. 95).  The excerpts have

11  been selected to reflect portions of the briefing before the Bankruptcy Court in which

12  Appellants argued and provided authorities indicating that the instant appeal is from a final

13  order appealable as a matter of right.

14      4.    Attached hereto as **Exhibit 2** is a true and correct copy of excerpts of

15  Defendants' Reply in Support of Motion to Stay and Briefing re: Discovery (Doc. 107).  As

16  with Exhibit 1, the excerpts have been selected to reflect portions of the briefing before the

17  Bankruptcy Court in which Appellants argued and provided authorities indicating that the

18  instant appeal is from a final order appealable as a matter of right.

19      5.    Attached hereto as **Exhibit 3** is a true and correct copy of excerpts from the

20  official transcript of the March 29, 2021 hearing on Defendants' Motion to Stay Proceedings

21  Pending Appeal, wherein the Bankruptcy Court ruled that the instant appeal was taken from

22  a final order.

23  DATED: April 14, 2021, at Portland, Oregon.

24                  **HOUSER LLP**

25                  */s/ Emilie K. Edling*

26                  Emilie K. Edling, WSBA No. 45042

DECLARATION OF EMILIE K. EDLING IN SUPPORT OF
DEFENDANT-APPELLANTS' NOTICE TO WITHDRAW PENDING
MOTION
USDC No. 3:21-cv-05154-BHS
Page 2

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

# EXHIBIT 1

THE HONORABLE MARY JO HESTON

Chapter 13

Date of Hearing: April 8, 2021

Time of Hearing: 1:00 PM

Hearing Location: Telephonic

Response Due: April 1, 2021

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re | Chapter 13 |
| SARAH HOOVER, | Case No.: 19-42890-MJH |
| Debtor. | Adversary No.:  20-04002-MJH |
| SARAH HOOVER, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| Plaintiff, | |
| vs. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES | |
| Defendants. | |

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 1

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 95    Filed 03/15/21    Ent. 03/15/21 10:13:45    Pg. 1 of 15

Additionally, Plaintiff's counsel have pressed to proceed with unwinding the nonjudicial foreclosure as required by the Court's recent order, yet unwinding a non-judicial foreclosure is a cumbersome, complicated effort that likely cannot be done with a single document, may require court assistance, and is not a process free from legal dispute[1]. Defendants will need to ensure that the recorded ownership interest in the Property be returned to the party who held that interest prior to the sale, and also ensure that all lien interests in the Property that were previously wiped clean by the foreclosure sale are reinstated. At the same time, the parties plan to mediate in the near future in hopes of reaching a resolution prior to trial of this matter, and Defendants' counsel has been diligently working to find a mediator and date for mediation that the parties can agree to. In spite of the upcoming plan to mediate, the difficulties in unwinding the nonjudicial foreclosure sale, and the fact that there is a pending appeal as a matter of right, Plaintiff's counsel will not agree to a stay to save the parties time and expense and protect the rights of the parties pending mediation and/or appeal. Accordingly, Defendants bring the instant motion to stay to this Court's attention.

## IV.     POINTS AND AUTHORITIES

### A.     A Stay is Necessary Given the Likelihood that this Court has No Jurisdiction to Proceed Following Appeal from a Final Order

In the Ninth Circuit, bankruptcy court orders denying or granting motions to grant annulment of an automatic stay, interpreting the scope of an automatic stay, and disposing of property are final orders appealable as a matter of right.[2] Given the U.S. Supreme Court's recent

---

[1] As of this weekend, the parties are negotiating an option that appears viable and may reach an agreement on how to unwind the foreclosure sale and preserve appellate rights prior to a hearing on this matter; however, Defendants continue to contend that a stay is the more appropriate approach.

[2] *See In re Nat'l Envtl. Waste Corp.*, 129 F.3d 1052, 1054 (9th Cir. 1997) ("Orders granting or denying relief from the automatic stay are deemed to be final orders;" also ruling that decisions regarding annulment of stay are final orders appealable as of right); *In re Rogers*, 11 F. App'x 840, 842 (9th Cir. 2001) (noting ordinarily a ruling on annulment of stay would be a final order appealable as a matter of right); *Moore v. ING Bank, FSB*, No. C11-139Z,

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 4

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH   Doc 95   Filed 03/15/21   Ent. 03/15/21 10:13:45   Pg. 6 of 15

ruling in accord two months ago, both Ninth Circuit and Supreme Court precedent indicate that

this Court's February 8, 2021 Order and Memorandum determining the scope of the automatic

stay and denying the motion to annul it were final and appealable as a matter of right. *Ritzen*

*Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592, 205 L. Ed. 2d 419 (2020) (holding

denial from a motion for relief from stay was immediately appealable as a matter of right.)

Further, orders requiring a party to immediately turn over property to a Debtor are immediately

appealable as a matter of right because such an order "resolves and seriously affects substantive

rights." *In re Even St. Prods. Ltd*., No. LACV 17-1756 JGB, 2020 WL 4559511, at *5 (C.D.

Cal. Aug. 6, 2020).[3]  Here, the Court has issued an order requiring Defendants to immediately

cooperate with Plaintiff in unwinding the nonjudicial foreclosure sale, which will result in

depriving both Defendants and IH6 of a property interest and is another final order, appealable as

a matter of right.

    The filing of a notice of appeal from a final order is an event of jurisdictional significance

and confers jurisdiction on the court hearing the appeal, while divesting the bankruptcy court "of

its control over those aspects of the case involved in the appeal." *Griggs v. Provident Consumer*

*Disc. Co*., 459 U.S. 56, 58 (1982) (per curiam) ("a federal district court and a federal court of

appeals should not attempt to assert jurisdiction over a case simultaneously.") *See also In re*

*Silberkraus*, 336 F.3d 864, 869 (9th Cir. 2003) (noting that bankruptcy court is generally

---

2011 WL 3586152, at *3 (W.D. Wash. Aug. 16, 2011) (noting 9th Circuit precedent that
denial or grant of relief from automatic stay is a final order); *In re Aheong*, 276 B.R. 233,
250 (BAP 9th Cir. 2002) (holding decisions regarding annulment of stay are appealable as a
matter of right).  *See also United States v. Nicolet, Inc*., 857 F.2d 202 (3d Cir.1988) (holding
decisions concerning application of automatic stay are appealable as a matter of right);
*Lomas Financial Corp. v. Northern Trust Co*., 932 F.2d 147, 151 n. 2 (2d Cir.1991) (same).

[3] *See also In re Stasz*, 520 F. App'x 547 (9th Cir. 2013) (holding order compelling turnover of
estate property is immediately appealable); *Matter of Simpson*, 36 F.3d 450, 452 (5th Cir.
1994) ("We have held that a judgment compelling a defendant to turn over property is
appealable as of right pursuant to 28 U.S.C. § 158(a)")

---

DEFENDANTS' NOTICE OF MOTION AND MOTION TO STAY
PROCEEDINGS PENDING APPEAL; MEMORANDUM OF POINTS AND
AUTHORITIES IN SUPPORT THEREOF
AP No. 20-04002-MJH
Page 5

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

# EXHIBIT 2

THE HONORABLE MARY JO HESTON
Chapter 13
Date of Hearing: March 29, 2021
Time of Hearing: 1:00 PM
Hearing Location: Telephone
Response Due: March 22, 2021

UNITED STATES BANKRUPTCY COURT

WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| In re | Chapter 13 |
| SARAH HOOVER, | Case No.: 19-42890-MJH |
| Debtor. | Adversary No.:  20-04002-MJH |
| SARAH HOOVER, | **DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND BRIEFING RE: DISCOVERY** |
| Plaintiff, | |
| vs. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON, PHH MORTGAGE CORPORATION D/B/A PHH MORTGAGE SERVICES, HSBC BANK USA, N.A., AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, NEWREZ, LLC, AND IH6 PROPERTY WASHINGTON, L.P. D/B/A INVITATION HOMES | |
| Defendants. | |

Defendants PHH Mortgage Corporation D/B/A PHH Mortgage Services; NewRez, LLC

(individually, "NewRez"); and HSBC Bank USA, N.A., as Trustee of the Fieldstone Mortgage

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND BRIEFING
RE: DISCOVERY
AP No. 20-04002-MJH
Page 1

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Investment Trust, Series 2006-2 (individually the "Trust") (collectively, "Defendants") hereby submit the following Reply in Support of their Motion to Stay and responsive discussion to this Court's request for briefing on whether additional discovery should be allowed.  This briefing is supported by the Declaration of Emilie K. Edling, submitted concurrently herewith, the Court's record, and the following points and authorities.

## II.    REPLY IN SUPPORT OF MOTION TO STAY

As discussed in Defendants' Motion and below, a stay in this matter is warranted given the jurisdictional concerns raised by Defendants' appeal, the strong arguments supporting the appeal, and irreparable harm that will occur in the absence of a stay.

### A.    A Stay is Necessary Given the Likelihood that this Court has No Jurisdiction to Proceed Following Appeal from a Final Order

Plaintiff fails to offer this Court any comparable bankruptcy court authorities in support of its position that this Court's February 8, 2021 Memorandum and Order (collectively, "Order") cannot constitute (at least in-part) a "final order."  In addition to the cases identified in Defendants' initial motion, while searching for additional guidance on this issue, Defendants located a binding Ninth Circuit case directly on point, in which the Ninth Circuit ruled that a bankruptcy court's finding that conduct violated the automatic bankruptcy stay under § 362(k) was a final order appealable as a matter of right even if the bankruptcy court deferred a ruling on damages for the violation to a later date.  *See In re Perl*, 811 F.3d 1120, 1123 (9th Cir. 2016).  In *In re Perl*, an LLC purchased a residence at a foreclosure sale and then obtained an unlawful detainer judgment against the resident-debtor, who then filed for bankruptcy in order to avoid a lockout pursuant to the unlawful detainer judgment.  Before the Court could hold a hearing on the LLC's motion for relief from stay, the LLC proceeded with the lockout and evicted the

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND BRIEFING
RE: DISCOVERY
AP No. 20-04002-MJH
Page 2

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH   Doc 107   Filed 03/25/21   Ent. 03/25/21 23:50:21   Pg. 2 of 21

debtor.  *Id*. at 1124.  Following a motion by the debtor, the bankruptcy court found that the LLC

had violated §362(k), *see id*., and advised that it was considering whether to impose damages,

sanctions, and punitive damages under § 362(k),[1] but postponed that decision to a "subsequent

hearing scheduled for the following month."[2]

The LLC appealed, and the BAP Court affirmed.  On review, the Ninth Circuit

considered whether it had jurisdiction, analyzing at length whether the order in the case was a

final order, and holding:  "Notwithstanding the fact that no financial penalty or sanction has yet

been assessed against Eden Place, the bankruptcy court's determination that Eden Place violated

the automatic stay is a substantive ruling with real effects, including money damages that could

be sought by Perl indefinitely. The bankruptcy court's order determined the discrete issue of

whether there was a stay violation, which was the only issue litigated in the bankruptcy

proceedings and before the BAP."  *Id*. at 1126-27 (internal citations omitted).[3]  The majority of

the panel disagreed with one dissenting opinion, noting the dissenting judge was relying on case

law from general civil litigation, rather than the specific bankruptcy contest, where the rules on

---

[1] Both the Ninth Circuit BAP and the dissenting opinion in *In re Perl* specifically note that the bankruptcy court's decision and indication that it would consider whether damages are appropriate at a future hearing date invoked its power under § 362(k) rather than § 105.  *See In re Perl*, 513 B.R. 566, 572 (B.A.P. 9th Cir. 2014); *In re Perl*, 811 F.3d 1120, 1133 (9th Cir. 2016) (Watford, J., dissenting) (noting bankruptcy court was explicitly considering imposition of punitive damages, which are available only under § 362(k), and that § 105(a) would not have been appropriate).

[2] *See id*. at 1133 (Watford, dissenting) (stating background procedural facts).  *See also id*. (noting at "the hearing on Perl's motion, the court noted that it was considering the imposition of punitive damages, which are available under § 362(k)); *id*. at 1223 (""The bankruptcy court stayed its determination regarding contempt sanctions because Perl had not yet offered evidence of damages.")

[3] Similar to the instant case, the underlying bankruptcy case was dismissed because the debtor failed to comply with the requirements for the case to proceed.  *In re Perl*, 811 F.3d 1120, 1131 (9th Cir. 2016) (Watford, J., dissenting).

---

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND BRIEFING
RE: DISCOVERY
AP No. 20-04002-MJH
Page 3

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

finality "are different." *Id*. at 1127.  The Court held: "There is no question that the discrete issue addressed by the bankruptcy court—violation of the automatic stay—has been definitively and finally resolved. Resolution of that issue is as final as it will ever be in this case." *In re Perl*, 811 F3d 1120, 1127 (9th Cir. 2016).

Defendants can locate no authority overruling this published opinion on the finality of a decision finding a §362(k) violation, and Plaintiff has provided none.  Plaintiff cites *In re Marino*, 949 F.3d 483, 488 (9th Cir. 2020), which has similarities; but that case specifically concerned the standard for the Ninth Circuit's review from a BAP order remanding with instructions, and also concerned a discharge violation rather than a § 362(k) violation.  *Id*.

Consistent with *Perl*, this Court has definitively and finally resolved the question of whether Defendants violated the automatic stay in this case.  This Court has also finally resolved Defendants' motion to annul the automatic stay, and ordered the turnover of Property – orders that Ninth Circuit precedent indicates are final and which Plaintiff fails to address.  (*See* Motion at pages 5-7 (citing authorities).)   At the very least, this Court's decision terminated the portion of the case resolving Defendants' Motion to Annul the Stay, because there was nothing further for the Court "to do" on that motion (other than enforce it), and because this Court definitively ordered that title in the Property must be changed to its pre-foreclosure state.  *Ritzen Grp., Inc. v. Jackson Masonry, LLC,* 140 S. Ct. 582, 592, 205 L. Ed. 2d 419 (2020).[4]  Accordingly, this Court should stay proceedings in the case pending appeal from a final order.

---

[4] Plaintiff contends the motion was not a discrete dispute or procedural unit on the sole grounds that it was consolidated for consideration at the same time as the parties' summary judgment briefing, but provides no authority supporting this argument.  In *Ritzen Grp.*, the Supreme Court acknowledged that controversies in a bankruptcy matter may be "linked" such that they are dependent on the outcome of one another, *see id.* 140 S. Ct. at 587, which is the case here in that whether there is liability for violation of the automatic stay is dependent in-part on whether the

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY AND BRIEFING
RE: DISCOVERY
AP No. 20-04002-MJH
Page 4

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839

Case 20-04002-MJH    Doc 107    Filed 03/25/21    Ent. 03/25/21 23:50:21    Pg. 4 of 21

# EXHIBIT 3

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

|  |  |  |
|---|---|---|
| IN RE: | . | Case No.  19-42890-MJH |
|  | . |  |
| SARAH HOOVER, | . | Chapter 13 |
|  | . |  |
| Debtor. | . |  |
| . . . . . . . . . . . . . . | . |  |
|  | . |  |
| SARAH HOOVER, | . | Adv. No. 20-04002-MJH |
|  | . |  |
| Plaintiff, | . |  |
|  | . |  |
| v. | . |  |
|  | . |  |
| QUALITY LOAN SERVICE | . | 1717 Pacific Avenue, Suite 2100 |
| CORPORATION OF WASHINGTON, | . | Tacoma, WA 98402 |
| et al., | . |  |
|  | . | Monday, March 29, 2021 |
| Defendants. | . | 1:01 p.m. |
| . . . . . . . . . . . . . . | . |  |

TRANSCRIPT OF MOTION FOR STAY PENDING APPEAL;
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF
#3:21-cv-05154-BHS
**BEFORE THE HONORABLE MARY JO HESTON VIA TELECONFERENCE
UNITED STATES BANKRUPTCY COURT JUDGE**

TELEPHONIC APPEARANCES:

For the Plaintiff:      Henry & Degraaff, P.S.
                        By:  CHRISTINA L. HENRY, ESQ.
                        787 Maynard Avenue South
                        Seattle, WA 98104
                        (206) 330-0595

                        Anderson Law of King County, PLLC
                        By:  JASON D. ANDERSON, ESQ.
                        787 Maynard Avenue South, Suite B
                        Seattle, WA 98104
                        (206) 395-2665

TELEPHONIC APPEARANCES CONTINUED.

Audio Operator:         Courtroom ECRO Personnel

Transcription Company:  Access Transcripts, LLC
                        10110 Youngwood Lane
                        Fishers, IN 46038
                        (855) 873-2223
                        www.accesstranscripts.com

Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

2

```
TELEPHONIC APPEARANCES (Continued):

For PHH Mortgage          Houser Law LLP
Corporation,              By:  EMILIE K. EDLING, ESQ.
HSBC Bank USA, N.A.,      9600 Southwest Oak Street, Suite 570
and NewRez, LLC:          Portland, OR 97223
                          (503) 914-1382

                          Houser Law LLP
                          By:  ROBERT W. NORMAN, ESQ.
                          9070 Research Drive
                          Irvine, CA 92618
                          (949) 679-1111
```

5

1  appeal, because an appellate court won't have control over the

2  third party.

3         THE COURT:  All right.  Ms. Henry or Mr. Anderson,

4  would you like to add anything at all to the pleadings?

5         MS. HENRY:  Your Honor, we are comfortable resting on

6  the briefing, and we only want to reiterate that we brought

7  that motion to strike because we thought that 20 pages of the

8  reply was excessive, and we just want to preserve that should

9  there be a need for an appeal.

10         THE COURT:  Sure.  I understand.

11         MS. EDLING:  And, Your Honor -- Your Honor, can I say

12  one additional thing?  On reflection on the discovery issue,

13  we've been thinking about it and are more inclined to request

14  that the Court just open discovery for everybody rather than

15  take the position of no further discovery.  I know we were

16  leaning that way in the briefing, so I want to just clarify

17  that for the Court.

18         THE COURT:  Okay.  Thank you, Ms. Edling.

19         All right.  I'm prepared to rule.  I'm going to take

20  the stay pending appeal issue first, and then we'll address the

21  issues for the status conference and the further proceedings,

22  if any.

23         The Court and the parties are intimately familiar

24  with the facts and current disposition of this case from my

25  prior decision from February 8th, 2021 and the March 19th order

1 denying the motion for reconsideration, so I won't repeat much

2 of the facts and analysis here.

3        The defendants, PHH Mortgage Corporation, HSBC Bank

4 USA, N.A. and NewRez LLC, which I will refer to as "PHH," are

5 seeking a stay of all proceedings in this case pending appeal

6 and the resolution of a discovery dispute over punitive damages

7 between PHH and Ms. Hoover.  The Court will address the stay

8 pending appeal first and then turn to the discovery and other

9 issues related to remaining matters.

10        First, to the issue of whether PHH has satisfied its

11 burden of proof to obtain a stay of proceedings pending its

12 appeal of the Court's February 8th, 2021 decision.  Federal

13 Rule of Bankruptcy Procedure 8007 governs granting stays

14 pending appeal for adversary proceedings and contested matters.

15        "A court's determination on a motion for stay pending

16 appeal is an exercise of judicial discretion dependent on the

17 circumstances of a particular case," Nken v. Holder, 556 U.S.

18 418, 433 (2009).

19        To determine whether a stay is appropriate, courts

20 balance four factors:  First, whether the stay applicant has

21 made a strong showing that the appeal is likely to succeed on

22 the merits; second, whether the applicant will be irreparably

23 harmed absent a stay; third, whether issuance of a stay will

24 substantially injure the other parties interested in the

25 proceeding; and fourth, where the public interest lies.  That

1  also is the standard as set forth in <u>Nken</u>, 556 U.S. at 434.

2          The first two factors are the most critical.  If an

3  applicant satisfies the first two factors, the inquiry then

4  calls for assessing the harm to the opposing party and weighing

5  the public interest.  Again, that's a quote from <u>Nken</u>, 556 U.S.

6  at 435.

7          The party moving for the stay has the burden on each

8  of these four factors and must convince the court the balance

9  of the four factors weighs in favor of issuing a stay, <u>Leiva-</u>

10 <u>Perez v. Holder</u>, 640 F.3d 962, 966 (9th Cir. 2011).

11         Here, PHH fails to satisfy its burden on all four

12 factors.

13         On the first factor, the moving party must make a

14 strong showing that it would succeed on the merits of appeal.

15 <u>Lair v. Bullock</u>, 697 F.3d 1200, 1204 (9th Cir. 2012).

16         To do so, the court must find there is a substantial

17 case for relief on the merits and that the showing of success

18 is more than a "mere possibility of relief."  That's a citation

19 to <u>Bullock</u> at 1204 and also <u>Leiva-Perez</u> at 964 through 968.

20         Here, PHH has not met its burden of establishing that

21 there is a substantial case for relief on the merits on any of

22 its argument.  In this Court's decision and order denying PHH's

23 motion for reconsideration, the Court found that the sale

24 violated the stay and was void.  PHH willfully violated the

25 automatic stay, and PHH was not entitled to annulment of the

1  denied.   However, despite PHH not being entitled to a stay, the

2  Court now turns to the PHH's finality arguments because they

3  affect this Court's jurisdiction over future proceedings in

4  this adversary proceeding.

5         There are three cases the Court will briefly address

6  on finality in this context:   <u>Bullard</u> and <u>Ritzen</u> from the U.S.

7  Supreme Court and the Ninth Circuit's <u>In re Perl</u>.

8         First, <u>Bullard</u>, 575 U.S. 496 (2015), which states

9  that Congress has long provided that orders in a bankruptcy

10  case may be immediately appealed if they finally dispose of

11  discrete disputes within larger cases.

12         Second, In <u>Ritzen</u>, the U.S. Supreme Court stated that

13  the precise issue the court decided is does a creditor's motion

14  for relief from automatic stay initiate a distinct proceeding

15  terminating a final, appealable order when the bankruptcy court

16  rules dispositively on the motion.   That's <u>Ritzen</u> setting forth

17  the issue at 140 S. Ct. at 586.

18         The Supreme Court answered this question "yes."   It

19  held that the adjudication of a motion for relief from the

20  automatic stay forms a discrete procedural unit within the

21  abrasive bankruptcy case.   That unit yields a final appealable

22  order when the bankruptcy court unreservedly grants or denies

23  relief.

24         Lastly, <u>In re Perl</u> involved a bifurcated dispute

25  between two parties that first addressed liability for willful

1  violation of the automatic stay under Section 11 U.S.C.

2  362(k)(1), similar to the case at hand.  There, the bankruptcy

3  court's order determined the discrete issue of whether there

4  was a willful violation of the stay, which was the only issue

5  litigated in the bankruptcy proceeding and therefore before the

6  BAP.  As a practical matter, resolution of that issue resolved

7  the entire case and thereby qualified as a final decision to

8  finality in the bankruptcy context.  There was no question that

9  the discrete issue addressed by the bankruptcy court violation

10 of the automatic stay had been definitively and finally

11 resolved.  Resolution of that issue was as final as it ever

12 would be in that case.  That's a quotation from In re Perl, 811

13 F.3d 1120, 1127 (9th Cir. 2016).

14         Determining the finality of an order in bankruptcy

15 requires a complex analysis, particularly in a case like we

16 have here with multiple parties and somewhat different postures

17 on the various claims in the proceeding.  Nonetheless, under

18 the U.S. Supreme Court and this Circuit's precedents, the Court

19 concludes that its order is final as to the determination that

20 the stay was violated and the sale is void, the determination

21 that PHH willfully violated the stay and caused damage to the

22 debtor in an undetermined amount under 362(k), and the denial

23 of the motion to annul the automatic stay.

24         PHH has filed a notice of appeal of these three

25 issues.  Thus, PHH's notice of appeal likely divests this Court

1 of jurisdiction pending appeal of all proceedings pertaining to

2 these issues.  This necessarily includes the Court's ability to

3 continue adjudicating damages against PHH for the willful

4 violation of the stay under 362(k) and whether IH6 willfully

5 violated the stay under 362(k) because although IH6 is not a

6 party to the appeal, there cannot be a willful violation of the

7 stay without a stay violation in the first instance.

8         What the appeal does not stay, however, is execution

9 and compliance with the Court's order.  See 10 Collier on

10 Bankruptcy 8007.02 (16th ed. 2020), stating if the judgement

11 awards money or property, it may be executed upon unless

12 stayed.

13         Specifically, this Court ordered that the defendants

14 shall cooperate with Ms. Hoover and her counsel to immediately

15 take all steps necessary to undo the foreclosure sale of the

16 Bonney Lake Property.  Because the Court has denied PHH's

17 motion to stay such proceeding, it intends to enforce this part

18 of its earlier entered decision.

19         Accordingly, discovery on the damages issue against

20 PHH for willful violation of the automatic stay under 362(k) is

21 suspended in light of the Court's ruling on finality.  Further

22 suspended is adjudication of whether IH6 willfully violated the

23 automatic stay.

24         The Court will hold a status conference to ensure

25 that the order concerning undoing the foreclosure sale and

16

1  restoring the property to its position prior to the void sale –

2  – in other words, titled back to the Suleiman Trust –– shall

3  occur within 14 days of this hearing, and the Court will set a

4  status conference and enter an order on today's ruling.  And

5  the dates I have available for a status conference are

6  preferably on the 20th at 2:30 p.m. and the 19th at 11 or 2

7  p.m. or possibly on the 23rd.

8             All right.  So any questions?

9             MR. NORMAN:  Your Honor, Robert Norman.  Those dates

10  are fine with me, the 19th, 20th, or the 21st.

11             THE COURT:  All right.  Ms. Henry?

12             MS. HENRY:  The 20th –– the 19th is not good.  The

13  20th is fine.  And what did you say, the 21st or the 26th?

14             THE COURT:  No, the 23rd.  If everyone's available on

15  the 20th, that would be my preference, at 2:30.

16             MS. HENRY:  That would be fine.

17             THE COURT:  All right.  Do the parties want to talk

18  any further about where you're at on transferring title back to

19  the trust?

20             I just want to clarify, Ms. Henry, that I think the

21  obligation is to get it back to the trust, which is where it

22  was prior to the void sale.

23             MS. HENRY:  Okay.  I'm fine with that ruling, Your

24  Honor.

25             THE COURT:  Okay.

1          MS. HENRY:  I will say our only issue is -- well, I
2    guess it'll be talk about at the status conference, right?
3          THE COURT:  Yeah.
4          MS. HENRY:  Okay.
5          THE COURT:  All right, thank you.
6          MR. NORMAN:  Thank you, Your Honor.
7          MS. EDLING:  Thank you, Your Honor.
8       (Proceedings concluded at 1:28 p.m.)
9                              *  *  *  *  *
10
11
12
13
14
15
16
17
18
19
20
21
22               **C E R T I F I C A T I O N**
23
24          I, Alicia Jarrett, court-approved transcriber, hereby
25    certify that the foregoing is a correct transcript from the

1  official electronic sound recording of the proceedings in the

2  above-entitled matter.

3

4

5

6  _____

7  ALICIA JARRETT, AAERT NO. 428     DATE:  April 5, 2021

8  ACCESS TRANSCRIPTS, LLC

9

10

11

12

13

14

15

16

17

18

19

20

21

**CERTIFICATE OF SERVICE**

On April 14, 2021, I served the foregoing document(s): DECLARATION OF EMILIE K. EDLING IN SUPPORT OF DEFENDANT-APPELLANTS' NOTICE TO WITHDRAW PENDING MOTION, in the manner described below:

| | |
|---|---|
| Jason D. Anderson<br>Anderson Santiago, PLLC<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>Jason@alkc.net<br>*Counsel for Plaintiff/Debtor* | ☑ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Christina L. Henry<br>Henry & Degraaff, P.S.<br>787 Maynard Ave S., Suite B<br>Seattle, WA 98104<br>chenry@hdm-legal.com<br>*Counsel for Plaintiff/Debtor* | ☑ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☐ Email<br>☐ Courier |
| Joseph W. McIntosh<br>McCarthy & Holthus, LLP<br>108 1st Ave South, Suite 300<br>Seattle, WA 98104<br>jmcintosh@mccarthyholthus.com<br>*Counsel for Quality Loan Service Corporation of Washington* | ☐ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☑ Email<br>☐ Courier |
| John A. McIntosh<br>Schweet Linde & Coulson, PLLC<br>575 S. Michigan St.<br>Seattle, WA 98108<br>johnm@schweetlaw.com<br>*Counsel for IH6 Property Washington, L.P.* | ☐ CM/ECF<br>☐ UPS Overnight<br>☐ UPS 2 Day Shipping<br>☑ Email<br>☐ Courier |

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 14, 2021

*Rachel M. Perez*

Rachel M. Perez

DECLARATION OF EMILIE K. EDLING IN SUPPORT OF
DEFENDANT-APPELLANTS' NOTICE TO WITHDRAW PENDING
MOTION
USDC No. 3:21-cv-05154-BHS
Page 3

HOUSER LLP
600 University St.
Ste. 1708
Seattle, WA 98101
PH: (206) 596-7838
FAX: (206) 596-7839