UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: SARAH HOOVER,<br><br>         Debtor.<br>_____<br>SARAH HOOVER,<br><br>         Plaintiff - Appellee,<br><br>         v.<br><br>PHH MORTGAGE CORPORATION, HSBC BANK USA, N.A. AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, and NEWREZ, LLC,<br><br>         Defendants – Appellants,<br><br>         and<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and IH6 PROPERTY WASHINGTON, L.P.,<br><br>         Defendants. | Cause No. C21-5154RSL<br><br>ORDER ON APPEAL |

This matter comes before the Court on the amended notice of appeal filed by PHH Mortgage Corporation, HSBC Bank USA, N.A. as Trustee of the Fieldstone Mortgage Investment Trust, Series 2006-2, and NewRez, LLC ("appellants"). Dkt. # 7. In March 2021, the

ORDER ON APPEAL - 1

Honorable Mary Jo Heston, United States Bankruptcy Judge, found that appellants had violated the automatic bankruptcy stay by foreclosing on Sarah Hoover's residence in Bonney Lake, Washington. Appellants argue that the bankruptcy court erred when it found that the property was part of the bankruptcy estate, failed to consider the evidence in the light most favorable to appellants, and refused to retroactively annul the bankruptcy stay on equitable grounds. Having reviewed the memoranda and appendices submitted by the parties, the Court finds as follows:

**A. Standard of Review**

A district court has jurisdiction to review final judgments, orders, or decrees of the bankruptcy court. 28 U.S.C. § 158(a).[1] When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Crystal Properties, Ltd., L.P*., 268 F.3d 743, 755 (9th Cir. 2001) (citation omitted). Thus, conclusions of law are reviewed *de novo*, while findings of fact are reviewed under the clearly erroneous standard. *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). "Mixed questions of law and fact are reviewed *de novo*." *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998). "*De novo* review is independent, with no deference given to the trial court's conclusion." *Allen v. U.S. Bank, N.A.*, 472 B.R. 559, 564 (9th Cir. BAP 2012). In contrast, the clearly erroneous standard is "significantly deferential" and requires "a definite and firm conviction that a mistake has been committed." *Id.* "Put another way, a court's factual

---

[1] The Honorable Benjamin H. Settle, United States District Judge, has already determined that the bankruptcy court's orders are final and appealable as a matter of right under 28 U.S.C. § 158(a). Dkt. # 45. In the alternative, the Court exercises its discretion to grant leave to allow the appeal under 28 U.S.C. § 158(a)(3).

ORDER ON APPEAL - 2

determination is clearly erroneous if it is illogical, implausible, or without support in the record." *In re Rader*, 488 B.R. 406, 410 (9th Cir. BAP 2013) (internal citation and quotation marks omitted).

**B. Property of the Bankruptcy Estate**

Under Washington law, property held in a spendthrift trust is not subject to seizure for payment of the beneficiary's debt on the theory that allowing alienation of the trust principal or income would violate the intention of the settlor. *Milner v. Outcalt*, 36 Wn.2d 720, 722 (1950). "Ordinarily, a property owner has the power to dispose of his property as he wishes, as long as he does not violate public policy. The owner and donor of the property should be free to select the trust beneficiary who will enjoy his bounty, and should be able to put enforceable provisions in the trust which will prevent his trust beneficiary from voluntarily conveying or assigning his interest, thus precluding any creditor from taking that interest away from the beneficiary." *Erickson v. Bank of California, N.A.*, 97 Wn.2d 246, 250 (1982). When an asset has already accrued to the beneficiary and is ready for distribution, however, it becomes subject to seizure in satisfaction of the beneficiary's debts even if the asset is still in the hands of the trustee. *Knettle v. Knettle*, 190 Wash. 395, 401 (1937).

The Bonney Lake property was part of the Suleiman Trust and the Trustor, Ali Suleiman, specified that, "as soon as practicable after [his death], Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustor's daughter, Sarah V. Hoover, if she is surviving." Dkt. # 30 at 110. Appellants have not identified any calculations, deductions,

ORDER ON APPEAL - 3

administrative assessments, or other accounting that had to be performed before the property was ready for distribution. The time for distribution, as established by the Trustor, had come, and all conditions precedent thereto were satisfied. Based on the undisputed facts, the bankruptcy court correctly found that the mandatory distribution language of the trust was triggered by Ali Suileiman's death and that Hoover's interest in the Bonney Lake property had accrued as of the date of the bankruptcy petition. Dkt. # 1 at 41-42 and 54.

**C. Willful Violation of the Bankruptcy Stay**

The bankruptcy code permits sanctions for willful violations of the automatic stay. 11 U.S.C. § 362(k). Appellants argue, however, that there were material issues of fact which should have prevented the bankruptcy court from finding that their violations of the stay were willful. The Court disagrees.

A willful violation is established "if a party knew of the automatic stay[] and its actions in violation of the stay were intentional." *Eskanos & Adler, P.C. v. Leetien*, 309 F.3d 1210, 1215 (9th Cir. 2002) (citing *Pinkstaff v. U.S.*, 974 F.2d 113, 115 (9th Cir. 1992)). The creditor does not need to have a specific intent to violate the automatic stay to support a finding of willfulness: it is sufficient if the conduct is intentional, regardless whether the creditor believes in good faith that it has a right to the property. *In re Bloom*, 875 F.2d 224, 227 (9th Cir. 1989). Once a creditor becomes aware of a debtor's bankruptcy, it has a duty to cease all collection efforts against the bankruptcy estate and to undo any acts that violated the automatic stay. *See In re H. Granados Commc'ns, Inc.*, 503 B.R. 726, 737 (9th Cir. BAP 2013); *In re Dyer*, 322 F.3d 1178, 1192 (9th Cir. 2003). "Whether the automatic stay provisions of 11 U.S.C. § 362(a) have

ORDER ON APPEAL - 4

been violated is a question of law reviewed *de novo*. . . . Whether a party has willfully violated the automatic stay is a question of fact reviewed for clear error." *Eskanos & Adler*, 309 F.3d at 1213.

There is significant evidence in the record that supports the bankruptcy court's finding that appellants willfully violated the automatic stay. The bankruptcy court found that: PHH had notice of the bankruptcy filing as of September 9, 2019; PHH received additional notice of the bankruptcy filing on the day before the foreclosure sale; PHH did nothing to stop the foreclosure sale; PHH took no steps to undo the violation for more than five months; and PHH was the agent of the Trustee and NewRez, LLC, with regards to these actions. Appellants argue that because there was some ambiguity as to the nature of Hoover's interest in the property, they had no reason to believe that her bankruptcy filing triggered an automatic stay that was pertinent to the foreclosure sale. Dkt. # 34 at 43. This argument is untenable. PHH clearly knew that Hoover had an interest in the property even if it did not know the full legal contours of that interest. PHH was aware that the borrower identified in its paperwork had died, that Hoover was representing the Suleiman Trust, that Hoover was making efforts to remedy the mortgage delinquency and avoid foreclosure, and that Hoover claimed to be the successor-in-interest on the loan. The filing of a bankruptcy petition creates an estate consisting of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). Even if PHH were unsure of the exact nature of Hoover's interest in the property, it had notice of her bankruptcy filing and her claim of interest when it moved forward with the foreclosure

ORDER ON APPEAL - 5

sale. Based on the undisputed facts, the bankruptcy court's finding that appellants willfully violated the automatic stay is affirmed.

**D. "Complete Disregard" of Debtor's Rights**

In the context of determining whether the equities favored annulment of the bankruptcy stay, the bankruptcy court noted that PHH "show[ed] a complete disregard for the automatic stay and Ms. Hoover's rights by failing to stop the Sale despite receiving notice of the Bankruptcy both four days and one day before the Sale." Dkt. # 1 at 57. Appellants argue that this statement is a finding of fact that should be reversed (or a comment that should be stricken) because it is determinative of a punitive damages issue that was not briefed by the parties. Appellants have not shown that the statement was clearly erroneous or that it was germane to any of the bankruptcy court's legal conclusions. Nor is there any indication that the bankruptcy court made a premature determination regarding an issue that was not properly before it.

**D. Retroactive Annulment of Bankruptcy Stay**

The bankruptcy court accurately stated and applied the law when considering PHH's request that the automatic stay be annulled to retroactively validate the post-petition foreclosure sale. Dkt. # 1 at 55-56. Judge Heston's application of the law to the facts of this case is thorough, and her balancing of the equities is well-supported. Dkt. # 1 at 56-59. No error has been shown.

//

For all of the foregoing reasons, the bankruptcy court's orders on the cross-motions for summary judgment are AFFIRMED.

Dated this 16th day of September, 2022.

Robert S. Lasnik
United States District Judge