UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In re: SARAH HOOVER<br><br>      Debtor.<br>_____<br>SARAH HOOVER,<br><br>      Plaintiff - Appellee,<br><br>      v.<br><br>PHH MORTGAGE CORPORATION, HSBC BANK USA, N.A. AS TRUSTEE OF THE FIELDSTONE MORTGAGE INVESTMENT TRUST, SERIES 2006-2, and NEWREZ, LLC,<br><br>      Defendants – Appellants,<br><br>      and<br><br>QUALITY LOAN SERVICE CORPORATION OF WASHINGTON and IH6 PROPERTY WASHINGTON, L.P.,<br><br>      Defendants. | Cause No. C21-5154RSL<br><br>AMENDED ORDER ON APPEAL FOLLOWING REMAND FROM THE NINTH CIRCUIT |

   This matter is again before the Court following remand from the Ninth Circuit. Dkt. # 56 and # 60. In March 2021, the Honorable Mary Jo Heston, United States Bankruptcy Judge, found that PHH Mortgage Corporation, HSBC Bank USA, N.A. as Trustee of the Fieldstone

AMENDED ORDER ON APPEAL - 1

Mortgage Investment Trust, Series 2006-2, and NewRez, LLC ("appellants") had violated the automatic bankruptcy stay by foreclosing on Sarah Hoover's residence in Bonney Lake, Washington. The undersigned affirmed Judge Heston's finding that the property was part of the bankruptcy estate and her refusal to retroactively annul the bankruptcy stay on equitable grounds. Those determinations have now been affirmed by the Ninth Circuit. The Ninth Circuit found, however, that it and the district court lacked jurisdiction over the bankruptcy court's interim conclusions that the violation of the automatic stay was "willful" and that appellants acted in "complete disregard for the automatic stay." Having reviewed Ninth Circuit's memoranda and the remainder of the record, the Court hereby issues this Amended Order on Appeal:

**A. Standard of Review**

A district court has jurisdiction to review final judgments, orders, or decrees of the bankruptcy court. 28 U.S.C. § 158(a). When reviewing a decision of the bankruptcy court, a district court functions as an appellate court and applies the standards of review generally applied in federal courts of appeal. *In re Crystal Properties, Ltd., L.P.*, 268 F.3d 743, 755 (9th Cir. 2001) (citation omitted). Thus, conclusions of law are reviewed *de novo*, while findings of fact are reviewed under the clearly erroneous standard. *In re Strand*, 375 F.3d 854, 857 (9th Cir. 2004). "Mixed questions of law and fact are reviewed *de novo*." *In re Chang*, 163 F.3d 1138, 1140 (9th Cir. 1998). "*De novo* review is independent, with no deference given to the trial court's conclusion." *Allen v. U.S. Bank, N.A.*, 472 B.R. 559, 564 (9th Cir. BAP 2012). In contrast, the clearly erroneous standard is "significantly deferential" and requires "a definite and

AMENDED ORDER ON APPEAL - 2

firm conviction that a mistake has been committed." *Id.* "Put another way, a court's factual determination is clearly erroneous if it is illogical, implausible, or without support in the record." *In re Rader*, 488 B.R. 406, 410 (9th Cir. BAP 2013) (internal citation and quotation marks omitted).

**B. Property of the Bankruptcy Estate**

Under Washington law, property held in a spendthrift trust is not subject to seizure for payment of the beneficiary's debt on the theory that allowing alienation of the trust principal or income would violate the intention of the settlor. *Milner v. Outcalt*, 36 Wn.2d 720, 722 (1950). "Ordinarily, a property owner has the power to dispose of his property as he wishes, as long as he does not violate public policy. The owner and donor of the property should be free to select the trust beneficiary who will enjoy his bounty, and should be able to put enforceable provisions in the trust which will prevent his trust beneficiary from voluntarily conveying or assigning his interest, thus precluding any creditor from taking that interest away from the beneficiary." *Erickson v. Bank of California, N.A.*, 97 Wn.2d 246, 250 (1982). When an asset has already accrued to the beneficiary and is ready for distribution, however, it becomes subject to seizure in satisfaction of the beneficiary's debts even if the asset is still in the hands of the trustee. *Knettle v. Knettle*, 190 Wash. 395, 401 (1937).

The Bonney Lake property was part of the Suleiman Trust and the Trustor, Ali Suleiman, specified that, "as soon as practicable after [his death], Trustee shall distribute any and all interest Trustor, or the Trust Estate, may have in that certain residence and real property located at 106th Street East, Bonney Lake, Washington, to Trustor's daughter, Sarah V. Hoover, if she

AMENDED ORDER ON APPEAL - 3

is surviving." Dkt. # 30 at 110. Appellants have not identified any calculations, deductions, administrative assessments, or other accounting that had to be performed before the property was ready for distribution. The time for distribution, as established by the Trustor, had come, and all conditions precedent thereto were satisfied. Based on the undisputed facts, the bankruptcy court correctly found that the mandatory distribution language of the trust was triggered by Ali Suileiman's death and that Hoover's interest in the Bonney Lake property had accrued as of the date of the bankruptcy petition. Dkt. # 1 at 41-42 and 54.

**C. Willfulness and "Complete Disregard" Issues**

The Court lacks jurisdiction over these issues because there was no completed proceeding, *i.e.*, a bankruptcy court determination of the amount of damages or whether punitive damages were warranted, from which an appeal could be taken.

**D. Retroactive Annulment of Bankruptcy Stay**

The bankruptcy court accurately stated and applied the law when considering PHH's request that the automatic stay be annulled to retroactively validate the post-petition foreclosure sale. Dkt. # 1 at 55-56. Judge Heston's application of the law to the facts of this case is thorough, and her balancing of the equities is well-supported. Dkt. # 1 at 56-59. No error has been shown.

//

//

AMENDED ORDER ON APPEAL - 4

For all of the foregoing reasons, the bankruptcy court's holding that appellants violated the automatic stay and denial of the motion to annul the automatic stay are AFFIRMED. The issues regarding willfulness and the "complete disregard" comment are dismissed as premature.

Dated this 16th day of November, 2023.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

AMENDED ORDER ON APPEAL - 5